## NOAH BRADFORD v. THE STATE.

### No. 2782. Decided November 19, 1913.

**1.—Murder—Indictment—Name of Deceased.**

There is a distinction made by law between the allegation when it was the accused whose name was unknown and that of the deceased, injured, or killed person. When alleging that the accused's name is unknown, the statute requires some reasonably accurate description of him shall be given, but not so of the deceased or injured party, and where the allegation in the indictment was that the deceased was a certain Mexican man and that the grand jury, in one count, named and called him John, and in the other count, named him Juan, could not, and would not, make any material difference, and the motion to quash the indictment was correctly overruled.

**2.—Same—Statement of Facts.**

Where the purported statement of facts was not approved by the trial judge, the same can not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—In this case appellant was indicted on three counts for murder. In the first the indictment alleges that appellant on January 28, 1912, did unlawfully, with malice aforethought, kill a certain Mexican man, whose Christian and surname is to the grand jurors aforesaid unknown, but whom the grand jurors aforesaid do name and call John, by shooting the said John with a gun. The second charges the same, but says the grand jurors do name and call the deceased Juan. The third charges that he killed Juan Flores.

The appellant made a motion to quash the first and second counts of the indictment, because neither was sufficient to charge the murder of an unknown person, and that the grand jury had no right to ascribe a name to an unknown person and then return an indictment of such person by that name so given. Our statute, article 456, Code of Criminal Procedure, prescribes that in alleging the name of the defendant or any other person necessary to be stated in the indictment, that it shall be sufficient to state one or more of the initials of the Christian name and the surname. When the name of the person is unknown to the grand jurors that fact shall be stated, and if it be the person accused of the offense, a reasonably accurate description of him shall be given in the indictment. Under this provision of the statute our Supreme Court, when it had criminal jurisdiction, and this court have always held that there was a distinction made by the statute between

the allegations when it was the accused whose name was unknown and that of a deceased, injured, or killed person. When alleging that the accused's name is unknown, the statute requires some reasonably accurate description of him shall be given, but not so of the deceased or injured party. In this case the allegation that the deceased was a "certain Mexican man". was, at least, some description of the deceased and that the grand jury should in one count name and call him John and in the other Juan, could not and would not make any material difference. It is unnecessary to cite the cases, but see some of them collated in sec. 355, White's Ann. C. C. P. The court did not err in overruling appellant's motion to quash.

There is what purports to be a statement of facts with the record in this case, but it is not approved by the court below; hence, can not be considered by this court. The judgment is affirmed.

*Affirmed.*