**Larry William FRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37867.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Jack P. Thompson, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., El Paso, James S. Kreimeyer and Donald S. Leslie, Asst. Dist. Attys., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is receiving and concealing stolen property of the value of $50 or over; the punishment, 3 years.

The indictment alleged that appellant fraudulently received from a person to the grand jurors unknown two rings of the value of $500 each and two rings of the value of $250 each, belonging to Edward J. Ettl, which had theretofore been acquired in such manner as that the acquisition comes within the meaning of the term "theft", and that appellant did "fraudulently receive and conceal said property then and there well knowing the same to have been so acquired."

Following the burglary of the office of Dr. Ettl, in which rings such as described in the indictment and other items were stolen, Sgt. Richard Barron, of the El Paso Police Department, assigned Detectives Moninghoff and Buchanan to investigate the burglary.

Jack Saulter, Assistant District Supervisor for the El Paso District of the United States Customs Service, received information from what he considered to be a reliable source that a person answering the description of the appellant had in his possession a quantity of stolen jewelry. He conveyed such information to Sgt. Barron and assigned Customs Agent Medford to act undercover and contact the suspect.

Medford, posing as a buyer of stolen articles, met appellant in an El Paso Bar and agreed to purchase the rings and other articles that appellant showed him.

Appellant showed Agent Medford a newspaper account of the burglary and told him that he had all of the items that were taken, some of which were in his hotel room in Juarez, Mexico. He did not tell Medford where he got the property.

Upon pre-arranged signal from Medford, appellant was arrested as he followed Medford out of the bar and the rings and other items which were identified as part of the property taken in the burglary of Dr. Ettl's office were found in his pocket.

Following his arrest, appellant made a statement to Police Officer Moninghoff in which he confessed that he knew that the rings and other items found in his possession, and other items which were in his hotel room in Mexico, were stolen property; and that he received it in Juarez, Mexico and was attempting to sell it. In his confession he referred to the person from whom he received the stolen property as "Jack".

One of appellant's points of error is predicated upon the fact that the proof showed that he received the property in

Mexico, whereas the indictment alleged that he received it in El Paso County, Texas. We see no error.

The indictment further alleged that appellant concealed the property knowing it to have been acquired by theft and the evidence shows that he did so in El Paso County, Texas.

■ The principal and only serious question raised is whether the proof offered is sufficient to sustain the allegation of the indictment that appellant received the property from a person to the grand jurors unknown.

The allegation that appellant received the stolen property from a person to the grand jurors unknown was proper. Art. 401 C.C.P. No formal proof of such allegation was required as the evidence failed to show that the name of such person could have been ascertained. 5 Branch's Ann.P.C.2d 77, Sec. 2631 and cases there cited.

Art. 401 C.C.P. provides:

"In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name *and the surname*. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and, *if it be the accused,* a reasonably accurate description of him shall be given in the indictment."

An allegation that the property was received from "one Jack whose surname was unknown" may have been upheld as in Bradford v. State, 72 Tex.Cr.R. 76, 160 S.W. 1185. We note, however, that the opinion in that case points out that the statute, now Art. 401 C.C.P., requires no description when it is the name of the deceased that is alleged to be unknown to the grand jury and it was held that "it could

not and would not make any material difference" that the indictment which alleged that Bradford killed "a certain Mexican man whose Christian and surname was to the grand jury unknown," named and called him "John" and in another count "Juan".

George T. Chrysler, who acted as foreman of the grand jury, testified that no information was given to the grand jury as to the identity of the person from whom the defendant received the property, and that no means were available at the time by which he or any other member of the grand jury could obtain such information. He also testified that no evidence was presented to the grand jury as to the person who burglarized Dr. Ettl's office or had the proceeds of that burglary in his possession —that as he recollected, the statement was made that this was given to him by a person that has not been identified.

There was no evidence offered at the trial showing the surname of the person from whom appellant received the stolen property.

Appellant called Sgt. Wendell R. Barron, of the El Paso Police, as a witness and elicited from him the fact that appellant admitted that there were other articles in a Juarez hotel that were taken in the burglary of Dr. Ettl's office and that he contacted Lt. Alfonso Hijar, their liaison officer, by phone for the purpose of recovering it, and that Lt. Hijar called back in 20 or 30 minutes and said they had recovered other articles. Sgt. Barron testified that appellant said that the articles were given to him by another subject *but did not identify him,* and that he had no description that would enable him to find the person from whom appellant was alleged to have received the stolen property and that, without a description, he knew of no way he could attempt to find him.

Appellant testified in the jury's absence that one of the persons named in his statement "was Jack or Jackie. *I wasn't positive of his name."*

We are aware of no authority which would hold sufficient the indictment had it alleged that stolen property was received from "Jack" without further allegation that his surname was unknown. Art. 401 C.C.P. appears to require that the surname be alleged, one or more of the initials of the Christian name and the surname being sufficient.

We conclude that the evidence is sufficient to sustain the allegations of the indictment.

The judgment is affirmed.